## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

COMMUNITY EDUCATION GROUP;

        Plaintiff,

  v.

VIDENTITY SYSTEMS, INC. and ALAN C. VIARS;

        Defendants.

Civil Action No.

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiff Community Education Group, by and through its attorneys, alleges on personal knowledge as to matters relating to it, and on information and belief as to all other matters, as follows:

### INTRODUCTION

1.    Plaintiff is a nonprofit group committed to stopping the spread of HIV and other diseases that create health disparities in neighborhoods.  In pursuing their mission, they require the use of information technology that they retained Defendants to provide.  Plaintiff brings this Complaint for damages and equitable relief as a result of Defendants' failure to fulfill their contractual obligations to Plaintiff.  Plaintiff paid Defendants over $193,000 for a computer database that is incomplete and non-functional.  Despite repeated requests, Defendants have been unable and/or unwilling to correct these deficiencies.

### JURISDICTION AND VENUE

2.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a), based upon diversity jurisdiction.  The amount in controversy

exceeds $75,000, exclusive of interest and costs, and the action is between citizens of different states.

3.      Defendants are subject to personal jurisdiction in this district pursuant to D.C. Code §13- 423(a), as they contracted to provide services to Plaintiff in the District of Columbia and transact business in the District of Columbia.

4.      Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the acts and omissions giving rise to the Complaint occurred in this district.

**PARTIES**

5.      Plaintiff Community Education Group is a District of Columbia nonprofit agency with its principal place of business at 3233 Pennsylvania Avenue, S.E., Washington, D.C. 20020.

6.      Defendant Videntity Systems, Inc. ("Videntity") is a Delaware corporation with its principal place of business at 349 Grandview Avenue, Morgantown, WV 26501.

7.      Defendant Alan C. Viars is the owner and President of Videntity.  He resides at 349 Grandview Avenue, Morgantown, WV 26501.  This suit is brought against Defendant Viars in both his official and his individual capacities.  Defendant Viars personally participated in the alleged actions, had the right and ability to control them, made relevant representations to Plaintiff, and benefitted financially from the transactions at issue.

**GENERAL ALLEGATIONS**

8.      Plaintiff is a non-profit company which has had as its mission for the last twenty years to stop the spread of HIV and other diseases in the District of Columbia

through, among other things, the provision of education, training, and testing services, and the collection, analysis, and reporting of risk assessment and other patient data.

9.      In or about May 2011, Plaintiff and Videntity entered into a contract (entitled and referred to herein as "Work Order") for the provision of certain information technology services, including the initial development of a custom database to computerize patient health information and the provision of consulting services related to the same.  A. Toni Young, Executive Director of CEG, and Defendant Viars signed the Work Order.

10.      Pursuant to this Work Order, Plaintiff agreed to pay Videntity an amount not to exceed $6,000 for development/consulting services and $5,000 for a license to use reporting software known as "RESTCat."  Plaintiff paid these amounts in full, as well as additional amounts for additional consulting services.  From May 2011 to August 2011, Plaintiff paid Videntity at least $35,300.

11.      On or about September 20, 2011, the parties agreed to expand the work under the Work Order and contracted for the provision of additional information technology development and consulting services.  These terms are memorialized in an "Amendment" to the Work Order ("the Amendment").  As with the Work Order, Ms. Young and Defendant Viars signed the Amendment.

12.      Pursuant to the Amendment, Plaintiff agreed to pay Videntity a total amount not to exceed $137,599 ("contract ceiling"), divided into four installments (called "chunks"), which were supposed to correspond to set contract milestones.  Plaintiff paid the contract ceiling amount in full.

13.      Defendants also demanded additional payments above and beyond the

contract ceiling from Plaintiff, which Plaintiff begrudgingly paid.  Certain work purportedly covered by these payments was needed in order to complete and/or finalize the work already covered by the Amendment.  For instance, in November 2011, Defendant Viars sent Plaintiff another Amendment to the parties' prior agreement, which included an additional $9,000 charge.  From September 2011 to February 2013, Plaintiff paid Videntity at least $158,499.

14.     The database developed by Defendants as part of the aforementioned contracts is known as Health Information Virtual Exchange System ("HIVE"). Altogether, Plaintiff paid Defendants a total of over $193,000 for development and consulting work on HIVE and related services.  Despite spending a significant amount of money, Plaintiff has been left with a system that does not function properly and, in some respects, does not function at all.  Given the limited resources that non-profits like Plaintiff have, the amount of money Plaintiff spent on this has been a huge investment. Given that the system does not to work as promised, and the deficiencies that have been so significant that Plaintiff has difficulty pursing its overall mission, Defendants actions have created a truly dire situation for Plaintiff.

15.     Plaintiff notified Defendants, through repeated and numerous communications, that many aspects of the work were unacceptable.  Some parts of the work, including work that was specifically invoiced and pre-paid by Plaintiff, were not completed at all.  Other parts of the work were only partially completed and/or completed improperly.

16.     The Amendment contains a "Review and Acceptance Procedure" that institutes a process for "final testing, data conversion, training, and program sign-off,"

4

upon installation of the "final Work" under the contract.  This process never occurred, and Plaintiff, therefore, was not given the opportunity to approve, and did not approve, the "final Work."

17.    Issues that persist with HIVE include, but are not limited to, those related to data discrepancies, error messages, faulty reminder functioning, missing report fields, report transmission failures, and the absence of a provider/patient portal.  Defendants are well aware of these issues and have ignored them or addressed them in an inadequate manner.

18.    Defendants have refused to provide the necessary support to correct these deficiencies.  Pursuant to the Amendment, "the Contractor shall provide a one year support contract, beginning on the end date of this agreement or when the software products are deemed fully functional (9/20/12-9/20/13), to address any errors or malfunctions present in the software."  Defendants' products have not been deemed "fully functional."  Moreover, Defendants have declined to provide the support as specified in the Amendment in any event.

19.    In just one example, in mid-June 2013, a consultant for CEG sent an email to Defendant Viars notifying him of a failure regarding a significant government reporting function.  The consultant sent at least six follow-up emails trying to get Viars to address the problem.  While Viars sent several emails in response, each time he offered various excuses for his inability to address the issue (e.g., he was "slammed" with other work), and/or promised to do so at a future time, but did not fulfill that promise.

20.    Plaintiff has been damaged as a result of Defendants' actions.  Plaintiff has paid for service and products that have been deficiently provided and delivered, or

not provided at all.  Plaintiff also was forced to pay additional amounts for items that were covered under the Amendment and should not have been charged to Plaintiff.

21.     Plaintiff has lost significant revenue, funding and/or economic opportunity due to the lack of a complete and fully functional system.  For example, Plaintiffs planned to offer training to other nonprofits that would potentially implement a similar system.  Without the whole system in place, Plaintiff has been unable to offer this and other services.  Plaintiff's operations also have been disrupted due to the various HIVE and RESTCat failures.  Its personnel have been diverted from their regular responsibilities, and its community health mission has been impacted.  Additionally, Plaintiff has had to engage another information technology consultant to assess the problems with Defendants' products and carry out a search for a replacement for Defendants.  Plaintiff will have to pay another entity to fix the remaining problems and complete the incomplete aspects of the system.  Defendants knew or should have known that the above-described consequences would result from the system failures at issue.

## FIRST CLAIM FOR RELIEF
### Breach of Contract

22.     Plaintiff hereby restates and incorporates by reference all allegations contained in paragraphs 1-21 above.

23.     The parties' agreements as discussed herein (i.e., Work Order and Amendment) constitute valid and binding contracts between the parties.  Plaintiff fulfilled its duties and obligations under these contracts, including making payments to Defendants of all amounts due.  Defendants breached the contracts through acts and omissions, including, but not limited to, failing to perform certain work specified therein, performing work specified therein in an incomplete, improper and/or faulty manner, and

charging Plaintiff fees for work for which Plaintiff had already paid.

24.     As a result of Defendants' conduct as set forth above, Plaintiff has suffered, and will continue to suffer, damages.

25.     Defendants' actions have caused and will continue to cause irreparable damage to Plaintiff, for which Plaintiff has no remedy at law.  Plaintiff is accordingly entitled to including injunctive relief and other applicable equitable relief.

## SECOND CLAIM FOR RELIEF
### Negligent Misrepresentation

26.     Plaintiff hereby restates and incorporates by reference all allegations contained in paragraphs 1-27 above.

27.     Defendants negligently communicated false information to Plaintiff, including, without limitation, information and promises regarding work that Defendants would perform if Plaintiff paid Defendants certain monies.  Defendants knew or should have known that Plaintiff would likely be imperiled by action taken in reliance on this information.  Plaintiff reasonably relied, to its detriment, on such false information provided by Defendants, and paid Defendants amounts that should not have been charged to Plaintiff.  Plaintiff also reasonably relied, to its detriment, on Defendants' false promises regarding work that would be done, and when it would be done, in making its own business plans. Defendants were made aware of these plans through various communications and dealings with Plaintiff, and as a result of Defendants' conduct, Plaintiff was not able to fulfill these plans.

28.     As a result of Defendants' conduct as set forth above, Plaintiff has suffered, and will continue to suffer, damages.

29.     Defendants' actions have caused and will continue to cause irreparable

damage to Plaintiff, for which Plaintiff has no remedy at law.  Plaintiff is accordingly

entitled to applicable equitable relief, including, without limitation, the repayment of

amounts paid based such false information.

**THIRD CLAIM FOR RELIEF**
**Breach of Implied Covenant of Good Faith and Fair Dealing**

30.     Plaintiff hereby reinstates and incorporates by reference all allegations

contained in paragraphs 1-29 above.

31.     The parties' contracts contain implied covenants of good faith and fair

dealing, which Defendants breached.  Based on the deficiencies in Defendants' work and

Defendants' other improper conduct, as explained above, Defendants acted unreasonably,

willfully, and in bad faith in dealing with Plaintiff.  Defendants' conduct evaded the spirit

of the parties' contracts and interfered with and/or destroyed Plaintiff's right to receive

the fruits of the parties' contracts.

32.     As a result of Defendants' conduct as set forth above, Plaintiff has

suffered, and will continue to suffer, damages.

33.     Defendants' actions have caused and will continue to cause irreparable

damage to Plaintiff, for which Plaintiff has no remedy at law.  Plaintiff is accordingly

entitled to applicable equitable relief, including, without limitation, the repayment of

amounts paid based such false information.

**FOURTH CLAIM FOR RELIEF**
**Unjust Enrichment**

34.     Plaintiff hereby reinstates and incorporates by reference all allegations

contained in paragraphs 1-33 above.  This Fourth Claim for Relief is pled as an

alternative to the First and Third Claims for Relief.

35.     By making monetary payments to Defendants, from which Defendants finically benefitted, Plaintiff conferred benefits upon Defendants.  By failing to perform the work for which these payments were made and/or performing it in a faulty manner requiring Plaintiff to pay another entity to correct and/or redo the work, Defendants have been unjustly enriched by retaining the applicable payments, at the direct expense of Plaintiff.

36.     As a result of Defendants' conduct as set forth above, Plaintiff has suffered injury is entitled to recover applicable monies paid to Defendants to avoid such unjust enrichment.

## PRAYER FOR RELIEF

By reason of the acts and circumstances alleged above, Plaintiff seeks relief from this Court as follows:

1.  Actual damages, including but not limited to, $60,000 in third-party fees to address HIVE deficiencies and complete work promised but not performed by Defendants; $350,000 in lost employee productivity, agency resources, and business disruption; and $500,000 in lost net revenues and/or funding opportunity;

2.  Restitution and/or the return of monies paid to Defendants, according to proof at trial;

3.  Injunctive/equitable relief for specific performance, disgorged profits, and other equitable relief according to proof at trial;

4.  Punitive damages according to proof at trial;

5.  Prejudgment interest at the applicable rate;

6.  Attorneys' fees and costs of suit; and

7.  For such other and further relief the Court deems proper.

### JURY TRIAL DEMAND

Plaintiff hereby demands a jury trial on all claims so triable in this action.

Respectfully submitted,

DATED: September 19, 2013          By: *Michele H. Murphy*
‎                                        Matthew J. Oppenheim, DC Bar #443698
‎                                        Michele H. Murphy, DC Bar #445419
‎                                        OPPENHEIM + ZEBRAK, LLP
‎                                        4400 Jenifer Street, NW, Suite 250
‎                                        Washington, DC 20015
‎                                        202-621-9027 telephone
‎                                        matt@oandzlaw.com
‎                                        michele@oandzlaw.com

‎                                        *Attorneys for Plaintiff COMMUNITY*
‎                                        *EDUCATION GROUP*